MICHAEL J. BETTINGER (SBN 122196)
SHANE BRUN (SBN 179079)
RACHEL DAVIDSON (SBN 215517)
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, California 94111-5994
Telephone: 415.882.8200
Facsimile: 415.882.8220
mike.bettinger@klgates.com
shane.brun@klgates.com
rachel.davidson@klgates.com

Attorneys for Defendant
F5 NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NEUSTAR, INC., and QUOVA, INC.<br><br>        Plaintiffs,<br><br>    v.<br><br>F5 NETWORKS, INC.<br><br>        Defendant. | Case No. 5:12-cv-02574-EJD<br><br>**F5 NETWORKS, INC.'S ANSWER TO COMPLAINT FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant F5 Networks, Inc. ("F5"), answers the Complaint ("Complaint") of Plaintiffs Neustar, Inc. and Quova, Inc. (collectively, "Plaintiffs") as follows:

### INTRODUCTION

1.     Answering the allegations of paragraph 1 of the Complaint, F5 lacks information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint and, on that basis, denies the allegations of paragraph 1 of the Complaint.

2.     Answering the allegations of paragraph 2 of the Complaint, F5 lacks information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint and, on that basis, denies the allegations of paragraph 2 of the Complaint.

3.     Answering the allegations of paragraph 3 of the Complaint, F5 lacks information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint and, on that basis, denies the allegations of paragraph 3 of the Complaint.

### THE PARTIES

4.     Answering the allegations of paragraph 4 of the Complaint, F5 lacks information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and, on that basis, denies the allegations of paragraph 4 of the Complaint.

5.     Answering the allegations of paragraph 5 of the Complaint, F5 lacks information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint and, on that basis, denies the allegations of paragraph 5 of the Complaint.

6.     Answering the allegations of paragraph 6 of the Complaint, F5 admits that it is a corporation organized under the laws of the State of Washington, and that it has an office located in Seattle, WA.  Except as so admitted, F5 denies the allegations of paragraph 6 of the Complaint.

### JURISDICTION AND VENUE

7.     Answering the allegations of paragraph 7 of the Complaint, F5 lacks information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint and, on that basis, denies the allegations of paragraph 7 of the Complaint.

8.     Answering the allegations of paragraph 8 of the Complaint, F5 admits that the quoted language appears in the September 8, 2009 agreement between Quova, Inc. and F5 (the

"Agreement").  Except as so admitted, F5 denies the allegations of paragraph 8 of the Complaint. For the purposes of this action only, F5 does not challenge whether the Court has personal jurisdiction over F5.

9.      Answering the allegations of paragraph 9 of the Complaint, F5 admits that the quoted language appears in the Agreement.  Except as so admitted, F5 denies the allegations of paragraph 9 of the Complaint.

## NATURE OF THE ACTION

10.      Answering the allegations of paragraph 10 of the Complaint, F5 lacks information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint and, on that basis, denies the allegations of paragraph 10 of the Complaint.

11.      Answering the allegations of paragraph 11 of the Complaint, F5 lacks information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint and, on that basis, denies the allegations of paragraph 11 of the Complaint.

12.      Answering the allegations of paragraph 12 of the Complaint, F5 lacks information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and, on that basis, denies the allegations of paragraph 12 of the Complaint.

13.      Answering the allegations of paragraph 13 of the Complaint, F5 lacks information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint and, on that basis, denies the allegations of paragraph 13 of the Complaint.

14.      Answering the allegations of paragraph 14 of the Complaint, F5 lacks information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint and, on that basis, denies the allegations of paragraph 14 of the Complaint.

15.      Answering the allegations of paragraph 15 of the Complaint, F5 lacks information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint and, on that basis, denies the allegations of paragraph 15 of the Complaint.

16.      Answering the allegations of paragraph 16 of the Complaint, F5 denies the allegations of paragraph 16 of the Complaint.

17.     Answering the allegations of paragraph 17 of the Complaint, F5 denies the allegations of paragraph 17 of the Complaint.

18.     Answering the allegations of paragraph 18 of the Complaint, F5 lacks information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint and, on that basis, denies the allegations of paragraph 18 of the Complaint.

19.     Answering the allegations of paragraph 19 of the Complaint, F5 admits that it entered into a written agreement with Quova, and that the stated effective date of that agreement was September 8, 2009.

20.     Answering the allegations of paragraph 20 of the Complaint, F5 denies the allegations of paragraph 20 of the Complaint.

21.     Answering the allegations of paragraph 21 of the Complaint, F5 admits that the Agreement includes the quoted language.  Except as so admitted, F5 denies the allegations of paragraph 21 of the Complaint.

22.     Answering the allegations of paragraph 22 of the Complaint, F5 lacks information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint and, on that basis, denies the allegations of paragraph 22 of the Complaint.

23.     Answering the allegations of paragraph 23 of the Complaint, F5 admits that the Agreement includes the quoted language.  Except as so admitted, F5 denies the allegations of paragraph 23 of the Complaint.

24.     Answering the allegations of paragraph 24 of the Complaint, F5 denies the allegations of paragraph 24 of the Complaint.

25.     Answering the allegations of paragraph 25 of the Complaint, F5 admits that the Agreement includes the quoted language.  Except as so admitted, F5 denies the allegations of paragraph 25 of the Complaint.

26.     Answering the allegations of paragraph 26 of the Complaint, F5 denies the allegations of paragraph 26 of the Complaint.

27.     Answering the allegations of paragraph 27 of the Complaint, F5 admits that the Agreement includes the quoted language.   Except as so admitted, F5 denies the allegations of paragraph 27 of the Complaint.

28.     Answering the allegations of paragraph 28 of the Complaint, F5 admits that the Agreement includes the quoted language.   Except as so admitted, F5 denies the allegations of paragraph 28 of the Complaint.

29.     Answering the allegations of paragraph 29 of the Complaint, F5 denies the allegations of paragraph 29 of the Complaint.

30.     Answering the allegations of paragraph 30 of the Complaint, F5 denies the allegations contained in paragraph 30 of the Complaint.

31.     Answering the allegations of paragraph 31 of the Complaint, F5 denies the allegations contained in paragraph 31 of the Complaint.

32.     Answering the allegations of paragraph 32 of the Complaint, F5 denies the allegations contained in paragraph 32 of the Complaint.

33.     Answering the allegations of paragraph 33 of the Complaint, F5 denies the allegations contained in paragraph 33 of the Complaint.

34.     Answering the allegations of paragraph 34 of the Complaint, F5 denies the allegations contained in paragraph 34 of the Complaint.

35.     Answering the allegations of paragraph 35 of the Complaint, F5 denies the allegations contained in paragraph 35 of the Complaint.

36.     Answering the allegations of paragraph 36 of the Complaint, F5 denies the allegations of paragraph 36 of the Complaint.

### FIRST CLAIM FOR RELIEF

### (Breach of Contract)

37.     Answering the allegations of paragraph 37 of the Complaint, F5 incorporates by reference paragraphs 1-36 above.

38.     Answering the allegations of paragraph 38 of the Complaint, F5 denies the allegations of paragraph 38 of the Complaint.

39.     Answering the allegations of paragraph 39 of the Complaint, F5 denies the allegations of paragraph 39 of the Complaint.

40.     Answering the allegations of paragraph 40 of the Complaint, F5 denies the allegations of paragraph 40 of the Complaint.

41.     Answering the allegations of paragraph 41 of the Complaint, F5 denies the allegations of paragraph 41 of the Complaint.

## SECOND CLAIM FOR RELIEF

**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

42.     Answering the allegations of paragraph 42 of the Complaint, F5 incorporates by reference paragraphs 1-41 above.

43.     Answering the allegations of paragraph 43 of the Complaint, F5 denies the allegations of paragraph 43 of the Complaint.

44.     Answering the allegations of paragraph 44 of the Complaint, F5 denies the allegations of paragraph 44 of the Complaint.

45.     Answering the allegations of paragraph 45 of the Complaint, F5 denies the allegations of paragraph 45 of the Complaint.

46.     Answering the allegations of paragraph 46 of the Complaint, F5 denies the allegations of paragraph 46 of the Complaint.

### ANSWER TO PRAYER FOR RELIEF

To the extent a response is necessary, F5 denies that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief. F5 also denies that Plaintiffs are entitled to any of the relief requested against F5, including damages, attorneys' fees, costs, pre- or post-judgment interest, or any other relief of any kind.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.  The Complaint fails to state facts sufficient to constitute a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.  Plaintiffs' claims are barred by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

3.  Plaintiffs through their conduct are estopped from pursuing the asserted claims.

### FOURTH AFFIRMATIVE DEFENSE

4.  Plaintiffs' claims are barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

5.  Plaintiffs have failed to mitigate its damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

6.  Plaintiffs are precluded from recovering the damages it seeks by operation of a valid and enforceable contractual limitation of liability provision.

### SEVENTH AFFIRMATIVE DEFENSE

7.  All of the conduct that Plaintiffs challenge was within the scope and bounds of the Agreement.

### EIGHTH AFFIRMATIVE DEFENSE

8.  If Plaintiffs have suffered any damage by virtue of the conduct alleged in their Complaint, which F5 denies, then F5 is entitled to off-set against any award the amount of damage that they caused to F5.

### NINTH AFFIRMATIVE DEFENSE

9       Any damage suffered by Plaintiffs was caused in whole or in part by their own conduct.

### **PRAYER FOR RELIEF**

WHEREFORE, DEFENDANTS pray for the following relief:

1.      That Plaintiffs' Complaint be dismissed with prejudice and that Plaintiffs take nothing;

2.      That F5 be awarded its attorneys' fees and costs for defending this lawsuit; and

3.      For any further relief that this Court deems equitable and just.

Dated:  July 17, 2012                          K&L GATES LLP


By:___/s/ Shane Brun_____
MICHAEL J. BETTINGER (SBN 122196)
DAVID SHANE BRUN (SBN 179079)
RACHEL DAVIDSON (SBN  215517)
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, California 94111-5994
Telephone: 415.882.8200
Facsimile: 415.882.8220
mike.bettinger@klgates.com
shane.brun@klgates.com
rachel.davidson@klgates.com

Attorneys for Defendant
F5 NETWORKS, INC.

1

**DEMAND FOR JURY TRIAL**

2

Defendant F5 Networks, Inc. demands a trial by jury on all issues of the Complaint of

3

Plaintiffs Neustar, Inc. and Quova, Inc. for which a jury trial is proper.

4

Dated:  July 17, 2012                    K&L GATES LLP

5

6

By:___ /s/ Shane Brun_____
MICHAEL J. BETTINGER (SBN 122196)

7

SHANE BRUN (SBN 179079)
RACHEL DAVIDSON (SBN 215517)

8

K&L GATES LLP
4 Embarcadero Center, Suite 1200

9

San Francisco, California 94111-5994
Telephone: 415.882.8200

10

Facsimile: 415.882.8220
mike.bettinger@klgates.com

11

shane.brun@klgates.com
rachel.davidson@klgates.com

12

Attorneys for Defendant

13

F5 NETWORKS, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28